NO.
12-06-00117-CR

        

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROBERT VERNON CLARK, JR.,  §                      APPEAL
FROM THE 159TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Robert
Vernon Clark, Jr. appeals his conviction for robbery.  After finding him guilty, the jury assessed
punishment at thirty-two years of imprisonment. 
Appellant’s counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Thereafter, Appellant filed a pro se brief
and an amended brief.  We modify the
judgment and affirm it as modified.

 

Background

            Appellant
entered a plea of not guilty and invoked his right to a jury trial.  After hearing the evidence, the jury found
him guilty of robbery as charged in the indictment.  After the sentencing phase, the jury assessed
punishment at imprisonment in prison for thirty-two years.  The judgment, however, reflects a sentence of
thirty-three years of imprisonment.  This
appeal followed.

 

Analysis
Pursuant to Anders v. California








            Appellant’s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated. 
He further relates that he is well acquainted with the facts in this
case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), Appellant’s brief presents a chronological summation of the
procedural history of the case, and further states that Appellant’s counsel is
unable to raise any arguable issues for appeal. 


            Thereafter,
Appellant filed a pro se brief in which he raised issues concerning the jury
charge, sufficiency of the evidence, ineffective assistance of counsel, the
validity of the complaint, a variance between the testimony and the exhibits,
and malicious prosecution.  He later
filed an amended brief presenting additional argument on his issue regarding
the validity of the complaint.  We have
reviewed the record for reversible error and have found none.  See Bledsoe v. State, 178
S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

            However,
as stated above, the judgment does not correctly reflect the jury’s sentencing
determination.  Where a judgment and
sentence improperly reflect the findings of the jury, the proper remedy is the
reformation of the judgment.  See Harris
v. State, 565 S.W.2d 66, 70 (Tex. Crim. App. 1978) (reformed judgment,
which reflected a ten year sentence, to show punishment of fifteen years
assessed by jury).  This court has the
power to correct and reform the judgment of the court below to make the record
speak the truth when it has the necessary data and information to do so.  Asberry v. State, 813 S.W.2d
526, 529 (Tex. App.–Dallas 1991, pet. ref’d). 
This is so even though this is an Anders case.  See Bray v. State, 179 S.W.3d
725, 729 (Tex. App.–Fort Worth 2005, no pet.). 
Accordingly, we modify the trial court’s judgment to read that the
sentence imposed was imprisonment for thirty-two years.

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits of the appeal.  Having done so
and finding no reversible error, Appellant’s counsel’s motion for leave to
withdraw is hereby granted. 
The trial court’s judgment is affirmed as modified.

Opinion
delivered March 14, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)